Robert S. Crowder SBN 199556
rcrowder@tresslerllp.com
**TRESSLER LLP**
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Plaintiff
**ACE AMERICAN INSURANCE COMPANY** *a/s/o*
**M/V FRENCHSHIP, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY *a/s/o* M/V FRENCHSHIP, LLC,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF LOS ANGELES,<br><br>Defendant. | Case No.   2:20-cv-04198<br><br>**COMPLAINT IN ADMIRALTY** |

COME NOW, the Plaintiffs, ACE AMERICAN INSURANCE COMPANY *a/s/o* M/V FRENCHSHIP, LLC by and through their attorneys, and hereby set forth and allege to this Court upon information and belief as follows:

/ / /

/ / /

/ / /

**COMPLAINT IN ADMIRALTY**

1. This is a subrogated action to recover damages due to negligence and gross negligence.

## JURISDICTION AND VENUE

2. This is an Admiralty and Maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). Jurisdiction is predicated upon 28 U.S.C. § 1333.

3. Venue is proper in that the location of the events which give rise to this action are within the boundaries of this District.

## THE PARTIES

4. At all material times, Ace American Insurance Company (hereinafter "Ace" or "Plaintiffs") was and is a corporation with an office and principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106, and was the insurer of the vessel "*FRENCHSHIP*" as more fully described below.

5. Subrogor plaintiff, M/V FRENCHSHIP, LLC, located at 10319 Calvin Ave., Los Angeles, Ca 90025, was the Owner of the *M/V FRENCHSHIP*, a 1991, 46 foot Grand Banks Classic 46, with hull identification number GNDF0106B191 and whose underlying claims are the subject matter of this action.

6. Defendant, Los Angeles County (hereinafter "LACO" or "Defendant'), maintains a Municipal County Fire Department located at 1320 N. Eastern Ave., Los Angeles Ca  90063, which owns, charters or operates a 2004 Kvichak marine fireboat with hull identification number KVI393621404  named "*FIREBOAT 110*".

7. This Court has jurisdiction over LACO because it is an original County of the State of California and is responsible for negligent conduct in the State of California, and in this District, by failing to operate *FIREBOAT 110* properly.

8. Plaintiffs bring this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said property or claim as more fully described below and as their

**COMPLAINT IN ADMIRALTY**

respective interests may ultimately appear. Plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

9. On or about April 11, 2019 Kevin Cull, working for the Los Angeles County Fire Department, was operating and navigating *FIREBOAT 110* northbound through the navigable channel located near the Del Rey Yacht Club between C and D basins. Mr. Cull had difficulty controlling *FIREBOAT 110* due to its transmission allegedly malfunctioning. As a result, the *FIREBOAT 110* came into contact with the *FRENCHSHIP* which was moored at the Yacht Club.

10. As reported by LACO, the *FIREBOAT 110* was unseaworthy.

11. LACO knew or should have known that *FIREBOAT 110* was having transmission problems and was not safe to operate.

12. The Defendant had a duty to properly operate the vessel so that it would not allide with Plaintiff's vessel and cause damage.

13. Defendant had a duty to assure that the *FIREBOAT 110* was seaworthy.

14. Defendant knew, or with exercise of reasonable care, should have known, that a vessel with transmission issues was unseaworthy and could cause damages to others.

15. Defendant breached its duty and was negligent and grossly negligent in the operation of the vessel and allowing an unseaworthy vessel to be operated.

16. As a direct and proximate result of the negligence and gross negligence of the Defendant, Plaintiffs have suffered damages.

17. By reason of the foregoing, Plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $50,762.55.

18. Plaintiffs are excused from complying with the claim-presentation requirements enacted by the California Legislature with respect to claims brought

against governmental entities because said claim-presentation requirements conflict with the federal maritime law regarding a suitor's substantive rights as conveyed in the Judiciary Act of 1789 and the federal maritime law under the "savings to suitors" clause of the United States Constitution.

19. Notwithstanding the conflict between the federal maritime law and the claim-presentation requirements imposed by the California Legislature with respect to claims brought against governmental entities, the non-resident and out of state Plaintiffs—who were then unrepresented by counsel—nevertheless presented a timely governmental tort claim directly to the Los Angeles County Fire Department on September 5, 2019 (*i.e.*, within six months of the events giving rise to the claim). Despite their having done so, the Los Angeles County Fire Department never responded to Plaintiffs' September 5, 2019 correspondence.

20. Plaintiffs subsequently retained legal counsel in the State of California, who thereafter submitted an Application for Leave to Present a Late Claim (the "Application") to LACO pursuant to Govt. Code § 911.4. The Application was personally delivered directly to the Los Angeles County Board of Supervisors on April 10, 2020 (*i.e.*, within one year of the events giving rise to the claim), as reflected in the conformed copy of the face page of the Application (without voluminous corresponding exhibits) attached as **Exhibit A** hereto.

21. On April 27, 2020, a third-party claim adjuster contacted Plaintiffs' attorneys on behalf of Defendant LACO and advised Plaintiffs that their Application "has been deemed denied by operation of law" and that "[a]n investigation of this matter has failed to indicate that you have met the requirements under which an application to present a late claim would be approved. No further action will therefore be taken regarding this matter." The third-party adjuster's letter on behalf of Defendant LACO purported to impose additional procedural obligations upon Plaintiffs if they wished to challenge the "deemed denial" of their Application and claim-presentation paperwork, despite: 1) Defendant's actual

**COMPLAINT IN ADMIRALTY**

knowledge of its undisputed liability; 2) Defendant's actual receipt of the underlying claim and all supporting documents - including a Vessel Accident Report issued by the Los Angeles County Sheriff's Department describing the facts and circumstances resulting in the claim and concluding that LACO's fireboat "had equipment malfunction that caused this collision." (Vessel Accident Report at 6 of 6 under heading "Opinions and Conclusions.") A true and correct copy of the Vessel Accident Report issued by the Los Angeles County Sheriff's Department concerning this matter is attached hereto as **Exhibit B**.

22. Plaintiffs contend that to the extent that the claim-presentation requirements asserted by Defendant LACO are not preempted by the federal maritime law, they have nevertheless substantially complied with the claim presentation requirements in any event.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For damages in the amount of at least $50,762.55.
2. For prejudgment interest from the date of Plaintiffs' demand;
3. For attorney's fees to the extent recoverable;
4. For costs of suit and disbursements in this action; and,
5. For such other and further relief as may be just and proper.

Dated: May 8, 2020                TRESSLER LLP

By:   *s/ Robert S. Crowder*
      Robert S. Crowder
      Attorneys for Plaintiff
      **ACE AMERICAN INSURANCE COMPANY *a/s/o* M/V FRENCHSHIP, LLC**

4833-7065-2347_1

(12336-2)

COMPLAINT IN ADMIRALTY